UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SHANE V. M. GREENE,

    Plaintiff,

v.

PORTIA VILLARS; MINDY JOHNSON;
CHRISTOPHER SCARR; DAVID PEDRO;
OFFICER PARSONS; SYDNEY BELL;
RHONDA SMITH; OFFICER KEIZER;
BRIAN KUBESH; ANDREA NEISTADT;
T. HOLMAN; LT. BURCHARD;
CINDY BOOTH; LARRY BENNETT;
KATRINA LUJAN; S. CUNHA;
D. WEAVER; AND JOHN DOES 1 – 20,

    Defendants.

Case No. 3:24-cv-01403-MTK

**ORDER OF DISMISSAL**

**KASUBHAI, District Judge.**

    Plaintiff, an adult in custody (AIC) at Eastern Oregon Correctional Institution (EOCI) filed this action pursuant to 42 U.S.C. § 1983 and alleged that EOCI officials retaliated against him for engaging in protected conduct, interfered with his right of access to the courts, and violated his rights to due process. Plaintiff's Complaint was deficient in several respects and he

**1 - ORDER OF DISMISSAL**

was allowed the opportunity to amend his allegations. Plaintiff's Amended Complaint fails to cure the deficiencies of his claims, and this action is dismissed.

Like his original Complaint, Plaintiff's Amended Complaint alleges that several EOCI officials retaliated against him for reporting the misconduct of a Behavioral Health Services (BHS) counselor. Plaintiff alleges that the BHS counselor, Sydney Bell, told two other AICs that Plaintiff "was a problem" in EOCI's Mental Health Unit (MHU). Am. Compl. ¶ 35. Plaintiff reported Bell's alleged confidentiality violation and asked that his MHU restriction be lifted so he could transfer out of the MHU. *Id.* ¶¶ 37-38. A few days later, Plaintiff was ordered to move to a housing unit on the west side of EOCI and he refused. *Id.* ¶¶ 58, 71. Plaintiff was charged with Disobedience of an Order and sanctioned with seven days in segregation. *Id.* ¶¶ 58-60. Afterward, Plaintiff was instructed to "work with housing assignment" and apparently was not moved to EOCI's west side. *Id.* 66-67. Plaintiff claims that EOCI officials ordered his transfer to the "violent" west side of EOCI and disciplined him in retaliation for his complaint about Bell.

To state a viable claim for First Amendment retaliation, Plaintiff must allege five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff fails to meet these elements.

Plaintiff's allegations do not plausibly support an inference that any of the named Defendants sought Plaintiff's transfer out of the MHU or sanctioned him *because of* his complaint about Bell. In fact, Plaintiff admits that he requested to be moved from the MHU and that he later refused an order to move to the west side. Thus, although Plaintiff's Amended

2 - ORDER OF DISMISSAL

Complaint arguably alleges that EOCI officials ordered Plaintiff's transfer to an undesirable housing unit after he engaged in protected conduct, his allegations do not raise a plausible inference that the transfer rose to the level of an "adverse action," was unjustified by legitimate penological goals, or was motivated by an intent to chill Plaintiff's speech.

Plaintiff next alleges that Defendants Villars and Johnson, two EOCI law librarians, retaliated against him when they lost a thumb drive containing legal documents related to Plaintiff's pending legal actions. However, Plaintiff alleges no facts plausibly suggesting that Villars and Johnson intentionally misplaced Plaintiff's thumb drive because of his protected conduct. Exhibits provided by Plaintiff reflect that EOCI officials provided Plaintiff with a replacement thumb drive (albeit without his most recent documents), investigated the loss of his thumb drive, reviewed video footage of the library, and could not determine where or how the thumb drive was misplaced. At most, Plaintiff's allegations imply negligence, which cannot sustain a claim under § 1983.

To the extent Plaintiff seeks to allege a claim for denial of access to the courts, Plaintiff fails to allege facts giving rise to a reasonable inference that he suffered an actual injury to contemplated or existing litigation arising from the loss of his thumb drive. *Lewis v. Casey,* 518 U.S. 343, 351-53 (1996); *Nevada Dep't of Corr. v. Greene,* 648 F.3d 1014, 1018 (9th Cir. 2011); *see also Christopher v. Harbury,* 536 U.S. 403, 416 (2002); *Rogers v. Giurbino,* 625 Fed. App'x 779, 782 (9th Cir. 2015) (affirming dismissal of access to the courts claim because the plaintiff failed to include facts about the underlying "lost" cause of action).

Plaintiff also alleges that Defendant Starr violated his rights to due process by denying him copies of email exchanges between Defendants Keizer, Parsons, and Burchard because Plaintiff did not have the funds to pay for the requested copies. A procedural due process claim

3 - **ORDER OF DISMISSAL**

requires the deprivation of a protected property or liberty interest. *See Brewster v. Bd. of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998). Plaintiff does not allege that he was deprived of liberty or property because of Starr's actions. Moreover, it appears that Plaintiff ultimately received copies of the emails, as reflected by the exhibits he submitted.

Finally, Plaintiff brings claims against Defendants Pedro, Neistadt, Kubesh, Burchard, Booth, Bennett, Cunha, and Weaver based on their supervisory duties or their responses to Plaintiff's grievances and kytes. As Plaintiff was previously advised, liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). It is well established that a prison official's review of an internal appeal "cannot create liability under § 1983." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff alleges no other facts plausibly suggesting that these Defendants personally participated in the alleged violation of Plaintiff's rights.

Plaintiff has been given the opportunity to amend his claims, and given the specificity of his allegations and the exhibits submitted, I find that further amendment would be futile.

## CONCLUSION

Plaintiff's Amended Complaint fails to allege viable claims under § 1983 and further amendment would be futile. Accordingly, this action is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 20th day of December 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge

**4 - ORDER OF DISMISSAL**